The following is the opinion at special term:
Landon, J.
I have given this case and the arguments of counsel careful consideration. The parties to the purchase of the premises intended to secure their several interests by having the defendants take the legal title. They intended to confer upon the defendants the sole management and power of sale of the property, and they intended to make their own interests assignable by transferring their certificates representing such interests. They did not create an express trust, because they did not keep within the statutory provisions for that purpose. The defendants, therefore, did not take title as trustees of an express trust. If we hold that the several shareholders took title absolutely with power of sale in trust in the defendants, we shall defeat the intention of the parties, and very likely throw the title into great confusion, since during the sixteen years that have elapsed since 1875, many of *467 the shareholders must have died. Effect should be given to the intention of the parties, not only as manifested by their original agreements, but also by their practical construction of them, and dealings in reliance upon them. These agreements, and dealings upon the faith of them, have created relations between the parties other ‘than those defined by the statutes providing for the creation of uses, trusts and powers, and, I think, leave the rights of the parties to be determined under the “ trusts arising or resulting by implication of law,” instead of its statutory expression. 1 R„ S., 728, § 50.
The defendants’ counsel cites numerous cases in which the courts imply a trust from the agreements and acts of the parties, in order to prevent fraud, or to prevent the statute of frauds or of uses and trusts from being used as instruments to accomplish fraud.
What the court will do to thwart fraud it may do to promote honest dealing, when not to do it is to visit unnecessary injury upon the parties. \
In this case, if Marvin and Hall should repudiate the equities of the other shareholders, the court would be prompt to uphold them, and declare that Marvin and Hall were the trustees of such shareholders; it would not permit them to use the statute of uses and trusts as an instrument to do injustice. It cannot be doubted that the position it would force them to take to remedy their wrongdoing, it may allow them to hold when they and all the parties in interest concur. We must deal with the situation as we find it after sixteen years of action by all the parties in reliance upon the validity of the original agreements. In this respect the case differs from that of- the construction of a will in which the question is how has the testator bestowed his bounty, or what does the instrument solely by the force of its terms accomplish. The beneficiaries have only such rights as the will confers. Here the parties had rights whether the agreements expressed them or not, and if the agreements do not properly express them, we may be helped to ascertain them by the long practical construction which the parties have given to the agreements.
I, therefore, conclude that the legal title to the premises was vested in Marvin and Hall, subject to the rights and equities of the assenting bondholders as expressed in the agreements and subsequent certificates, nevertheless, I feel it to be my duty to follow the decision of the general term in this case, 16 St. Rep., 827, so far as it gives directions in respect to its practical disposition, and to hold that the plaintiff is not entitled to a certificate. In the case of Cassagne v. Ostrander, 20 St. Rep., 146, the demurrer was properly overruled.
It is now practically conceded that both sides of that case were identified in interest, and the opinion there expressed ought not to prejudice this case. I have given attention to the defendants’ claim to a lien, and conclude that a part of it is "not meritorious, and as to the remainder that the plaintiff paid for the certificate in the belief, induced by Mr. Marvin's letter, that none would be asserted.
H. A.Vieu (Edgar T. Brackett, of counsel), for app’lt; Charles S. Lester, for resp’ts.
Judgment for defendants, with costs.
Herrick, J.
This case has been twice before this court upon appeal, 16 St. Rep., 327; 20 id., 147, and I feel constrained by what the court said upon those appeals to hold that the plaintiff is not entitled to recover.
As to the claim of the defendants that the amount of their costs and expenses 'should in this action be adjudged a lien upon the interest of the plaintiff, J can see no reason to differ from the learned justice who tried the case, or from the views expressed in bis opinion.
The judgment should be affirmed; as both parties appealed, and as neither have succeeded upon such appeal, let an order of affirmance be entered, without costs to either party.
Mayham, P. J., concurs; Putnam, J., not acting.